**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RICARDO JACKSON, | ) | NO. CV 13-04203-VBF (MAN) |
| Petitioner, | ) | |
| v. | ) | |
| | ) | ORDER DECLINING TO TRANSFER PETITION |
| A. HEDGPETH, WARDEN, | ) | TO NINTH CIRCUIT, DISMISSING PETITION |
| | ) | FOR LACK OF JURISDICTION, and DENYING |
| Respondent. | ) | A CERTIFICATE OF APPEALABILITY |
| | ) | |
| _____ | ) | |

Proceeding *pro se*, California state prisoner Ricardo Jackson ("petitioner") filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 ("petition") in the United States District Court for the Northern District of California in April 2013, and the petition was transferred to this district in June 2013. This is the second section 2254 habeas petition filed by petitioner in this court stemming from his 1999 L.A. County Superior Court conviction ("the state conviction"), on which he was sentenced in 2000.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254. Supreme Court and Ninth Circuit precedent requires that this petition either be dismissed pursuant to 28 U.S.C. § 2244(b) for lack of jurisdiction, or transferred to the Ninth Circuit for

consideration as an application for leave to file a second or successive petition. For reasons set forth below, the Court will dismiss the petition rather than transfer and will deny a certificate of appealability ("COA").

## BACKGROUND

On April 19, 2002, Petitioner filed a section 2254 habeas petition in this Court in Case No. CV 02-3225-JFW (PJW) ("the prior action"). The prior action challenged petitioner's state conviction through habeas claims that: the trial court erred by allowing the prosecution to amend the information on the eve of trial; there was insufficient evidence to support petitioner's robbery conviction; petitioner's Three Strikes sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment; the trial court improperly denied petitioner's motion for a new trial based on a newly discovered witness; because petitioner was acquitted on a lesser included offense, the Double Jeopardy Clause precluded his conviction for robbery; the trial court erred by failing to instruct the jury on the lesser included offense of theft; and petitioner's appellate counsel provided ineffective assistance. On September 20, 2004, final judgment was entered denying the prior action petition on its merits and dismissing it with prejudice. Petitioner appealed to the Ninth Circuit (Case No. 04-56855), and on January 18, 2005 the Circuit denied a COA. Petitioner thereafter sought a writ of certiorari, which the Supreme Court denied on November 14, 2005 (No. 05-6700)[1]

The instant petition presents a single claim challenging the validity of petitioner's Three Strikes sentence. Petitioner contends that it was improper for the sentencing judge to use prior convictions stemming from plea agreements as "strikes" when sentencing him on his most recent conviction, because doing so violated those earlier plea agreements.

The Ninth Circuit dockets show that, since his appeal of the denial of the prior action petition, petitioner has not filed any Ninth Circuit proceeding. He has not sought or obtained leave from the Ninth

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the dockets for the United States Court of Appeals for the Ninth Circuit available electronically through the PACER system. *See, e.g., Wheelock v. Haynes*, 2013 WL 3467065, *1 n.2 (C.D. Cal. July 10, 2013) (Ronald Lews, J.) ("[P]ursuant to Rule 201 . . . , the Court takes judicial notice of the electronic dockets, records, and case decisions available through the PACER system and/or WestLaw for this court, the . . . Ninth Circuit, and [another district court]."); *Mejia v. Paramo*, 2013 WL 55644, *1 n.1 (C.D. Cal. Jan. 2, 2013) (Valerie Baker Fairbank, J.). *Accord Cleveland v. Havenek*, 509 F. App'x 703 (10th Cir. 2013) ("[W]e may take judicial notice of public records, including district court filings. We therefore cite to the PACER docket numbers in Western District of Oklahoma case number . . . .") (citing *United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010)).

1  Circuit to file a second or successive section 2254 petition.

### ANALYSIS

**Petitioner's current action is a "second or successive petition" as defined by AEDPA[2]** because it challenges the same 1999 L.A. County Superior Court robbery conviction as his 2002 section 2254 petition filed in this district, which was denied in 2004. *See Weatherspoon v. Wofford*, 2013 WL 2353644, *1 (C.D. Cal. May 28, 2013) (Feess, J.) ("Here, the Petition is a second of successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as *Weatherspoon I*.").

**The fact that the prior petition was denied on its merits distinguishes our case from prior cases in which it was unnecessary for a habeas petitioner to obtain leave from the Circuit before filing.** *See Mendenhall v. Spearman*, 2013 WL 2323139, *1 (C.D. Cal. May 28, 2013) (Wu, J.) ("Since the Petition . . . in the Prior Action was denied on the merits, this case is distinguishable from the other cases in which permission from the Circuit to file a subsequent petition has been found unnecessary. For example, the Petition now pending does not raise a claim raised in a prior petition that was dismissed without prejudice as unexhausted. Nor does it raise a claim raised in a prior petition that was dismissed without prejudice as premature.") (citing *Slack v. McDaniel*, 529 U.S. 473, 487, 120 S. Ct. 1595 (2000) and *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45, 118 S. Ct. 1618 (1998), respectively); *see also Leonetti v. Williams*, 499 F. App'x 651, 652-53 (9th Cir. 2012) (not required to obtain leave from Circuit before filing second petition where earlier petition had been dismissed without prejudice based on deficient pleading); *Benton v. Washington*, 106 F.3d 162, 164-65 (7th Cir. 1996) (prior petition rejected due to failure to pay filing fee did not "count" for purpose of determining whether the instant habeas petition was "second or successive").

AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed", 28 U.S.C. § 2244(b)(1), without

---

[2] Technically, the Court determines not whether an entire habeas *petition* is second or successive, but whether each *claim* within the petition is second or successive for AEDPA purposes. *See Allen v. Ornoski*, 435 F.3d 946, 950 (9th Cir. 2006) ("'We consider each claim independently in deciding whether it is second or successive under AEDPA.'") (quoting Fifth Circuit) (other internal quote marks omitted). In this case, the petition contains only one claim, so the Court refers for convenience to the *petition* being successive.

further analysis. That provision does not apply, because petitioner is not re-asserting claims asserted in the earlier petition. Rather, this petition is governed by 28 U.S.C. § 2244(b)(2), which states as follows:

> A claim presented in a second or successive habeas corpus application under section 2254 that was *not* presented in a prior application shall be dismissed unless –
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)  (I)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>       (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty . . . .

With an exception not applicable here,[3] before a federal habeas petitioner raises an issue or claim that he could have asserted in a prior federal petition but did not, he is required to obtain leave from the Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see, e.g., Mendenhall v. Spearman*, 2013 WL 2323139, *1 (C.D. Cal. May 28, 2013) (Wu, J.) ("Neither of the grounds for relief alleged in the Petition now pending corresponds to any of the claims alleged. . . in the prior action. Under § 2244(b)(3)(A), where a federal habeas petitioner seeks to file a subsequent habeas petition raising a claim not raised in the petitioner's prior petition, the petitioner must first seek permission from the Circuit to file that . . . petition.").

To obtain leave to file, petitioner would have shouldered the burden of satisfying a Circuit panel that his petition satisfies the requirements of 28 U.S.C. § 2255(h), which provides as follows:

---

[3] "In *Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842 . . . (2007), a capital case, the Supreme Court held that competency-to-be-executed claims based on *Ford v. Wainwright*, 477 U.S. 399, 106 S. Ct. 2595 . . . (1986) were exempt from AEDPA's 'second or successive' requirements." *United States v. Lopez*, 577 F.3d 1053, 1056 (9th Cir. 2009). This petition, however, does not concern a death sentence.

>  A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain:
>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See, e.g., United States v. Penry*, No. 12-8079, – F. App'x –, 2013 WL 2378577, *1 (10th Cir. 2013) (district court had explained that "even if it construed the motion as a collateral attack . . . under . . . § 2255, it would be a second or successive motion, and Mr. Penry had not demonstrated, as required by § 2255(h), that the motion contained either newly discovered evidence or a new rule of retroactive constitutional law.").[4]

**Petitioner's failure to obtain the Ninth's Circuit leave to file this second-or-successive petition constitutes a basis for dismissing his petition for lack of subject-matter jurisdiction.[5]** *See, e.g.,*

---

[4] The Circuit will grant leave to file a second or successive petition if it determines that the application makes a *prima facie* showing that it satisfies the requirements of 28 U.S.C. § 2244(b)(3)(C). *See Jaimes v. Uribe*, 2013 WL 2122157, *2 (C.D. Cal. May 15, 2013). "Only after the Circuit has made the initial determination that the petitioner has made a *prima facie* showing under § 2244(b)(2) does the district court have any authority to consider whether the petitioner has, in fact, met the statutory requirements of § 2244(b)." *Id.* (citing 28 U.S.C. § 2244(b)(4)).

In other words, even after the Circuit has authorized the petition to be filed, the district court conducts further gatekeeping analysis. Section 2244(b)(4) provides, "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the application satisfies the requirements of this section."

"Under § 2244(b)(4), the petitioner must make 'more than another *prima facie* showing in the district court"; the "district court must conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the [petition] meets the statutory requirements for the filing of a second or successive petition." *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164-65 (9th Cir. 2000). As the above-quoted language indicates, the circuit panel makes only the initial *prima facie* determination on leave to file a successive federal habeas petition; the district court is left to make the final and conclusive determination about granting leave to file. *See, e.g., Goodrum v. Busby*, 2012 WL 2190896, *1 (S.D. Cal. June 13, 2012) ("Petitioner . . . has been granted leave to file a second or successive petition by the Ninth Circuit . . . . The Court now considers whether Petitioner's current application meets the standard pursuant to 28 U.S.C. § 2244 to permit Petitioner to proceed with a successive petition in this Court. [T]he court finds that Petitioner has not met the requirements of 28 U.S.C. § 2244(b)(2)(B) . . . ."), *relief from judgment denied*, 2012 WL 5269310 (S.D. Cal. Oct. 23, 2012), *COA granted in part*, 2013 WL 499861 (S.D. Cal. Feb. 8, 2013).

[5] Even if the petition were not technically successive, 'traditional doctrines, such as abuse of the writ, [would] continue to apply.'" *Lewis v. Brown*, 2013 WL 2181520, *2 (W.D.N.Y. May 20, 2013) (quoting *Whab v. United States*, 408 F.3d 116, 119 n.2 (2d Cir. 2005)); *see also Sanders v. United States*, 373 U.S.

dismissing a second or successive petition filed without leave of the Circuit: *McGauthy v. Valenzuela*, 2013 WL 3668463 (C.D. Cal. July 12, 2013) (Wu, J.) *Knisley v. Vasquez*, 2013 WL 2154010, *2-*3 (C.D. Cal. May 15, 2013) (Feess, J.); *Scott v. California*, 2013 WL 1869032 (C.D. Cal. May 3, 2013) (Real, J.); *Secundino v. Figueroa*, 2013 WL 1010551 (C.D. Cal. Mar. 13, 2013) (Carter, J.); *Carr v. Janda*, 2013 WL 419231 (C.D. Cal. Jan. 30, 2013) (Fairbank, J.); *Truax v. Sandor*, 2012 WL 3810260, *1 (C.D. Cal. Aug. 30, 2012); *Rosas v. Sanders*, 2012 WL 4107819, *3 (C.D. Cal. Aug. 13, 2012), *adopted*, 2012 WL 4174989 (C.D. Cal. Sept. 17, 2012) (Pregerson, J.).

THIS PETITION SHOULD NOT BE TRANSFERRED TO THE NINTH CIRCUIT

**Alternatively, statute gives this Court the discretion to transfer this petition to the Ninth Circuit for consideration as an application for leave to file a second-or-successive petition.** *See Jones v. California*, 2013 WL 875971, *2 (E.D. Cal. Mar. 7, 2013) ("In certain cases the district court may transfer the action, in the interest of justice, to the court where the action properly could have been brought.") (citing 28 U.S.C. § 1631 and *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)), *recon. denied*, 2013 WL 1326317 (E.D. Cal. Mar. 29, 2013); *accord In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002) ("'Th[e] statutory directive means that a district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals.'"); *Adams v. Thaler*, 679 F.3d 312, 320-21 (5th Cir. 2012); *Nguyen v. Gibson*, 162 F.3d 600, 601 (10th Cir. 1998).

Such a transfer is expressly authorized by 28 U.S.C. § 1631, which provides as follows:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

---

1, 17, 83 S. Ct. 1068 (1963) ("Nothing in traditions of habeas corpus requires the federal courts to tolerate needless, piecemeal litigation . . . .").

**Here, however, "[n]o factor appears which make it preferable to transfer this case to the Court of Appeals, rather than dismissing it."** *Bernoudy v. Warden*, 2010 WL 1709004, *2 (C.D. Cal. Apr. 26, 2012). The Court finds that it would be neither efficient nor in the interest of justice to transfer this petition to the Ninth Circuit, because it is clear that petitioner cannot make out a prima facie case that he is entitled to leave to file a successive habeas petition under section 2255(h). Petitioner has not identified any new rule of constitutional law that the Supreme Court has expressly made retroactive to cases pending on collateral review, *see* 28 U.S.C. § 2255(h)(2). Nor has petitioner identified new evidence that was not available to him, in the exercise of reasonable diligence, at the time he filed his earlier federal habeas petitions challenging this conviction, *see* 28 U.S.C. § 2255(h)(1). Judge Kronstadt of our court reasoned similarly in declining to transfer a successive habeas petition to the Ninth Circuit, stating as follows:

> Transfer is not in the interest of justice because it appears that Petitioner would not qualify to obtain the required certification from the . . . Circuit and would be unable to correct this jurisdictional defect. * * * Petitioner fails to meet either of the two statutory requirements because (1) there is no newly discovered evidence at issue, and (2) the Supreme Court cases on which Petitioner's claims are based were decided before he brought his prior § 2255 motion and are not new.

*Johnson v. Sanders*, 2012 WL 2366102, *5 (C.D. Cal. Apr. 2, 2012), *order adopted*, 2012 WL 1615270 (C.D. Cal. May 9, 2012); *see also Phoumanny v. Sanders*, 2011 WL 7109338, *3-*4 (C.D. Cal. Dec. 16, 2011), *R&R adopted*, 2012 WL 255623 (C.D. Cal. Jan. 24, 2012); *accord Burns v. Kirkegard*, 2012 WL 2175756, *1 (D. Mont. June 1, 2012) ("[Petitioner]'s new claim that the prosecution breached the plea agreement is based on facts known to him in the course of the original criminal proceedings in state court. Consequently, transfer of the petition to the Court of Appeals is not in the interests of justice."), *order adopted*, 2012 WL 2175755 (D. Mont. June 14, 2012).

**Finally, the Court recognizes that as a matter of fairness, it "may be preferable" in some situations to transfer an unauthorized second-or-successive habeas petition to the Court of Appeals**

**"in order to deal with statute of limitations problems . . . ."** *United States v. Barrett*, 178 F.3d 34, 41 n.1 (1st Cir. 1999) (citing *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996)); *see also Taylor v. Social Security Admin.*, 842 F.2d 232, 233 (9th Cir. 1988) (in determining whether "to transfer a case pursuant to section 1631, the district court must consider whether the action would have been timely if it had been filed in the proper forum on the date filed"). This is because, as noted above, when a case is transferred pursuant to 28 U.S.C. § 1631, it is deemed to have been filed in the transferee court (the "right" court, colloquially) on the date when it was filed in the transferor court (the "wrong" court). *See, e.g., Philips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) ("A compelling reason for transfer is that the plaintiff whose case is transferred is for statute of limitations purposes deemed by section 1631 to have been filed in the transferee court . . . will be time-barred if his case is dismissed and thus has to be filed anew in the right court.").

**The instant petition, however, will be untimely no matter which course the Court chooses.** AEDPA imposes a one-year time limit on habeas petitions, *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)), *cert. denied*, – U.S. –, 133 S. Ct. 1465 (2013), starting from the date the conviction became final, *United States v. Martinez-Martinez*, 295 F.3d 1041, 1044 n.6 (9th Cir. 2002). AEDPA states that a conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under this standard, a conviction becomes final either (1) if petitioner did not seek review from the state supreme court, when the time for doing so expired; or (2) if the petitioner sought review from the state supreme court and then obtained certiorari from the Supreme Court, when that court affirms the conviction or denies certiorari, or (3) if petitioner did not seek certiorari, when the 90-day period for doing so expires. *See Nilsen v. Cate*, 2012 WL 3020031, *5 (C.D. Cal. May 31, 2012) (citing *Gonzalez v. Thaler*, – U.S. –, 132 S. Ct. 641, 653-54 (2012)).

**Here, petitioner was convicted of second-degree robbery in L.A. County Superior Court Case No. BA19038 in 1999 and sentenced in March 2000** to a term of 45 years to life in state prison under California's Three Strikes Law. The petition represents that he appealed to the California Court of Appeal, which issued an adverse decision on April 20, 2001, and to the California Supreme Court, which denied review on June 30, 2001, and that he did not seek certiorari, *see* Doc 1 at 3. Thus, petitioner's conviction became final when the ninety days for filing a petition for writ of certiorari expired on about September 29, 2001. *See Korn v. United States*, 2013 WL 1163941, *1 (C.D. Cal. Mar. 20, 2013) (Fairbank, J.) (citing,

*inter alia*, *Bowles v. Russell*, 551 U.S. 205, 212, 127 S. Ct. 2360, 2365 (2007) (citing S. Ct. R. 13.1 and 28 U.S.C. § 2101(c))). Petitioner did not file any habeas petitions in state court, *see* Doc 1 at 4.

If the Court transferred the petition to the Circuit, the petition (and the implicit request for leave to file a second petition challenging the same conviction/sentence) would be deemed to be filed there on the date that it was actually filed here without the required leave from the Circuit (April 2013). If the Court dismisses the petition without prejudice for lack of jurisdiction, petitioner could then file a request in the Circuit for leave to file such petition in this court; presumably the earliest the petitioner would do so would be after he receives this Order, i.e., not before about Wednesday, July 31, 2013. The approximately three-month difference between these dates would make no difference.

Even accounting for statutory tolling[6] and equitable tolling[7], the record discloses no reason to believe this petition would be timely if petitioner had sought and received leave to file this petition from the Circuit on the date it was filed here in April 2013. *See, e.g., Amutulla v. Sanders*, 2010 WL 5535548, *3 (C.D. Cal. Nov. 23, 2010) ("Transfer also is not in the interest of justice because the Petition is untimely. It was filed long after the applicable statute of limitations expired.") (citing 28 U.S.C. § 2255(f)), *R&R adopted*, 2011 WL 42621 (C.D. Cal. Jan. 6, 2011); *Lampton v. Norwood*, 2009 WL 2190190, *3 (C.D. Cal. July 16, 2009). *Accord Daniel v. Franklin*, – F. App'x –, 2013 WL 791625, *3 (10th Cir. 2013) ("[T]he district court was correct to determine that there was no risk that a meritorious claim would be lost absent a § 1631 transfer to our court because [the] petition was time-barred."); *Marrero v. Ives*, 2009 WL 799253, *3 (E.D. Cal. Mar.

---

[6]Statutory Tolling of AEDPA Limitations Period.
Title 28 U.S.C. § 2244(d)(2) provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Construing this provision with reference to California's post-conviction procedures, our Circuit has held that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects petitioner's final collateral challenge. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *accord Carey v. Saffold*, 536 U.S. 214, 219-21, 122 S. Ct. 2134 (2002). Here, however, petitioner Jackson did not file any habeas petitions in state court directed at this conviction or sentence, so there is no statutory tolling.

[7]Equitable Tolling of AEDPA Limitations Period.
In *Holland v. Florida*, – U.S. –, 130 S. Ct. 2549, 2562 (2010), the Supreme Court held that AEDPA's limitations period is subject to equitable tolling in appropriate cases. Equitable tolling, however, "is applied 'sparingly,'" *Smith v. Ratelle*, 323 F.3d 813, 820-21 (9th Cir. 2003) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453 (1990)), and requires petitioner to surmount a "high hurdle," *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled o.g. by Calderon v. U.S. District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998). The record discloses no extraordinary circumstances to justify equitable tolling of petitioner Jackson's AEDPA period.

23, 2009), *aff'd o.g.*, 682 F.3d 1190 (9th Cir. 2012), *cert. denied*, – U.S. –, 133 S. Ct. 1264 (2013).[8]

## PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a COA from the circuit or district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255," *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring), or § 2254, and "'[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant'", *Cleveland v. Babeu*, 2013 WL 2417966, *3 (C.D. Cal. May 29, 2013) (quoting Rule 11(a) of the Rules Governing Section 2254 Cases). The court must consider each claim separately, *Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001) (citing *Petrocelli v. Angelone*, 248 F.3d 877, 883 (9th Cir. 2001)), which means the court may grant a COA on one claim and not on others. *See, e.g., Bowles*, 551 U.S. 205, 127 S. Ct. 2360 (Court of Appeals had granted in part and denied in part the COA).

It is a "rare step" for a district court to issue a COA, *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment), and the prisoner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Henry v. Ryan*, – F.3d –, 2013 WL 3027404, *9 (9th Cir. 2013) (citing *Slack* and *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)).

In the case *sub judice*, reasonable jurists would not find it debatable that Jackson's petition is subject to dismissal for lack of subject-matter jurisdiction. Nor would reasonable jurists find it debatable that Jackson's petition should be dismissed without prejudice rather than transferred to the Ninth Circuit. In short, in the posture of this case, the questions raised by petitioner's claims are not "'adequate to deserve encouragement to proceed further.'" *Jennings v. Baker*, – F. App'x –, 2013 WL 830610, *1 (9th Cir. Mar.

---

[8]The Court considers the petition's apparent untimeliness only as it bears on the risk of foreclosing otherwise-timely claims by dismissing it rather than transferring it to the Circuit.

Because the Court lacks jurisdiction over the petition due to petitioner's failure to obtain leave from the Circuit before filing it, the Court cannot and does not consider untimeliness as an additional independent basis for dismissal of this petition. *Accord Santiago v. United States*, 64 F. App'x 281, 286 n.3 (2d Cir. 2003) ("Because we have determined that we do not have jurisdiction to consider any of appellant[']s three claims in his habeas petition, it is unnecessary to consider – and, indeed, we have no jurisdiction to consider – whether the claims are also time-barred under AEDPA.").

7, 2013) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983)). *See, e.g., Ortiz v. Hill*, 2013 WL 2251735, *2 (C.D. Cal. May 21, 2013) (Gutierrez, J.) (dismissing petition without prejudice as second-or-successive petition filed without leave from the Circuit, and denying a COA); *accord Randolph v. Swarthout*, 2013 WL 2244559, *2-*3 (E.D. Cal. May 21, 2013) (same).

## ORDER

The Court **DECLINES** to transfer the habeas corpus petition to the Ninth Circuit.

The habeas corpus petition is **DISMISSED for lack of subject-matter jurisdiction**.

The Court **DECLINES** to issue a certificate of appealability. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals.[9]

As required by FED. R. CIV. P. 58(a)(1), final judgment is being issued as a separate document.[10]

IT IS SO ORDERED.

DATED: July 24, 2013

*/s/ Valerie Baker Fairbank*
_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

---

[9] *See Korn v. United States*, 2013 WL 1163941, *18 (C.D. Cal. Mar. 20, 2013) (Valerie Baker Fairbank, J.) (citing *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012)) (n. 10 omitted); *see also* FED. R. APP. P. 22(b)(1) ("[i]f the district judge has denied the certificate [of appealability], the applicant may request a circuit judge to issue it.").

[10] *See Cox v. California*, 2013 WL 3755956, *2 n.2 (C.D. Cal. July 16, 2013) (Valerie Baker Fairbank, J.) (citing *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion which stated, "The Court will issue a separate Judgment as required by Rule 58(a).") and *Stratton v. Buck*, 697 F.3d 1004, 1007 (9th Cir. 2012) ("The district court apparently did not enter a separate Judgment, as required by FED. R. CIV. P. 58(a)(1)."); *see also Bravo v. City of Santa Maria*, 665 F.3d 1076, 1079 n.5 (9th Cir. 2011) ("[T]he district court failed to issue . . . a separate judgment on the order granting . . . summary judgment, as was required, FED. R. CIV. P. 58(a)(1) . . . .").